IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

R.M., a Minor, and B.H.,                  :
as Parent and Guardian of R.M.            :
    PLAINTIFFS,                          :
                                          :
v.                                        :   Case No.
                                          :
FELL CHARTER SCHOOL,                      :
    DEFENDANT.                            :

**COMPLAINT**

Plaintiff, R.M., a minor, and B.H., individually and as parent and guardian of R.M., through their attorney, Drew Christian, Esquire, file the following Complaint against Fell Charter School.

**I     PARTIES**

1. Plaintiff R.M. (hereinafter individually referred to as "Student") is a minor and a student enrolled in the Fell Charter School at the time of the filing of this Complaint. The Student attended the Charter School within Lackawanna County at all times relevant to this complaint. The Student's residence has been within Wayne County, Pennsylvania for all times relevant to this matter.

2. Plaintiff B.H. (hereinafter individually referred to as "Parent") is the parent of R.M. For all times relevant, the Parent's residence has been within Wayne County, Pennsylvania.

3. The Fell Charter School (hereinafter referred to as "the Charter School") is an entity created under 24 P.S. §17-17010-A, which, pursuant to state law, is defined as a local education agency (hereinafter referred to as "LEA"). See 22 Pa Code §14.103. As an LEA, the Charter School is commissioned by the Commonwealth of Pennsylvania to administer and enforce, *inter alia*, the statutory mandates of the Individuals with Disabilities Education Act, 20 U.S.C. §1414, *et. seq*., (hereinafter referred to as "IDEA"), Rehabilitation Act of 1973, 29 U.S.C. §794 (hereinafter referred to as "Section 504"), Americans with Disabilities Act, 42, U.S.C., §12111, (hereinafter referred to as "ADA"), and other related federally funded programs, to eligible students enrolled in the Charter School. The Charter School's administrative offices are at 777 Main Street, Simpson, Pennsylvania, 18407, located within Lackawanna County, Pennsylvania

**II     JURISDICTION AND VENUE**

4. Under 24 P.S. §17-1714-A(a)(2), Pennsylvania charter schools can sue and be sued but "only to the same extent and upon the same condition that…local education agencies can be sued."

5. The claims of R.M. and B.H. (hereinafter collectively referred to as "Plaintiffs") arise from the IDEA and its implementing regulations, 34 C.F.R. part 300, *et. seq.*; Section 504; Section 1983 of the Civil Rights Act of 1964, (hereinafter referred to as "Section 1983"); and the Fourteenth Amendment of the United States Constitution. 28 U.S.C.S. §1331 provides that United States District Courts have original jurisdiction over matters where a federal question is raised in cases under the Constitution, laws, or treaties of the United States.

6. Section 1343 of 28 U.S. Code provides that United States District Courts have original jurisdiction over any civil action to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

7. This Court has jurisdiction over state claims raised by the Plaintiffs under 28 U.S.C. §1367, which states that:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as the Charter School is located in this judicial district and conducts business within this judicial district. Plaintiffs reside in this judicial district and their claims arose within the geographical boundaries of this judicial district.

### III    STATUTORY AND REGULATORY BACKGROUND

9. The IDEA and its implementing regulations require that charter schools provide qualified disabled children with a free appropriate public education, (hereinafter referred to as "FAPE"). Section 1415 of the IDEA creates administrative and judicial due process rights and procedures that a parent can invoke if a dispute arises with a charter school regarding FAPE.

10. The IDEA and its implementing regulations state that "the court, in its discretion, may award reasonable attorney's fees as part of the costs to the parents of a child with a disability who is the prevailing party." 34 C.F.R. §300.513(a). The regulations also state that "fees awarded under [the regulations] must be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." Id. at (c)(1).

11. Section 504 prohibits discrimination against persons with a handicap, including students with disabilities, participating in federally funded programs. It requires the identification of all disabled students and the

provision of appropriate special educational services. Section 504 defines a "handicapped person" as "any person who has a physical or mental impairment which substantially limits one or more major life activities." 34 C.F.R. §104.3. A physical or mental impairment is "any physical or psychological disorder." Id. "Major life activities" include "functions such as caring for one's self…learning and working." Id. Section 504 requires recipients of federal funds to provide FAPE to each qualified handicapped person in the recipient's jurisdiction, regardless of the nature and severity of the person's handicap." 34 C.F.R. §104.3.

12. Section 504 also states that "in any action or proceeding to enforce or charge a violation of a provision of this title [29 USCS §§ 790 et seq.], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 29 U.S.C. 794(a).

13. The ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

14. The Civil Rights Act of 1964 states that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by

> the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
>
> 42 U.S.C. §1983.

15. The Civil Rights Act of 1964 also states that "the court, in its discretion, may allow the prevailing party…a reasonable attorney's fee as part of the costs" for claims raised under Section 1983. Id. at §1988.

16. Pennsylvania state law requires that:

> Every child, being a resident of any school district, between the ages of six (6) and twenty-one (21) years, may attend the public schools in his district, subject to the provisions of this act. Notwithstanding any other provision of law to the contrary, a child who attains the age of twenty-one (21) years during the school term and who has not graduated from high school may continue to attend the public schools in his district free of charge until the end of the school term.
>
> 24 P.S. §13-1301.

## IV    FACTUAL BACKGROUND

17. The Student has disabilities that substantially limit at least one major life activity.

18. On or about September 30, 2024, the Charter School found the Student eligible for services under the IDEA based on the Charter School's finding that the Student was disabled.

19. When any student is found eligible for services under the IDEA, LEAs are responsible for developing individualized education programs ("IEP") that

6

provide, *inter alia,* specialized instruction, individualized educational goals and individualized accommodations to each eligible student.

20. To date, the Charter School has refused to provide an IEP to the Student.

21. Instead, the Charter School filed a special education due process complaint against the Parent in an attempt to remove the Student from the Charter School.

22. The Parent then moved to dismiss the Charter School's complaint citing a prohibition on filing complaints against parents found in the plain language of the IDEA.

23. A special education hearing officer dismissed the Charter School's complaint, concluding that the complaint was "plainly improper under the law."

24. Prior to the hearing officer's dismissal of the Charter School's complaint, an on-the-record conference call was held between the parties' respective counsel and the special education hearing officer.

25. As referenced in the transcript of the call, the Charter School's counsel was repeatedly asked to clarify what the Charter School was seeking by filing its complaint.

26. Specifically, the Charter School's counsel was asked on the record whether the Charter School was either seeking an order for the Student to be placed

7

in a specific special education classroom outside the Charter School or whether the Charter School was simply seeking an order for the Student to be disenrolled from the Charter School.

27. When this question was repeatedly asked, the Charter School's counsel did not provide a substantive response.

28. The special education hearing officer analyzed both potential scenarios in her Memorandum and Order dismissing the complaint. She concluded that neither action was proper.

29. In the Charter School's underlying brief in opposition to the motion to dismiss, the Charter School admitted that "ultimately the [Charter] School is not equipped to meet the child's emotional/ behavioral support needs, and alternative placement is warranted."

30. The Charter School's admission was made without ever developing an IEP for the Student.

31. The Charter School's admission was made without identifying an actual alternative placement for the Student.

32. The Charter School's admission was made by predetermining placement before developing the Student's special education program.

33. The Charter School's admission was made without attempting to provide services in the least restrictive environment.

34. The Charter School's attempt to remove the Student from the Charter School by filing a special education complaint was a misuse use of special education due process procedures.

35. The Charter School's attempt to remove the Student was discriminatory and based solely on her disability.

36. The Charter School's continued refusal to develop an IEP for the Student is discriminatory and is based on her disability.

37. The Charter School's intent or deliberate indifference has caused the Student to suffer educational harm.

38. Administrative remedies alone, such as compensatory education, do not remedy the harm caused to the Student.

## V  LEGAL CLAIMS

### COUNT 1
### PROCEDURAL DUE PROCESS VIOLATION
### FOURTEENTH AMENDMENT, SECTION 1983
### AND/OR
### SECTION 504, ADA

39. The Plaintiffs incorporate all preceding paragraphs as if set out in full.

40. The Charter School, and/or agents of the Charter School, acted under color of state law when it exhibited a pattern of conduct such as:

   a. Refusing to develop an IEP for the Student and

   b. Misusing special education due process procedures to attempt to

9

remove the Student from the Charter School.

41. The Charter School, and/or its agents, exhibited a pattern of behavior that caused educational harm to the Student.

42. The Charter School's conduct consisted of a policy, practice or custom of acting with intent or deliberate indifference to discriminate.

43. The deprivation occurred without due process of law.

44. Administrative remedies alone, such as compensatory education, do not remedy the harm caused to the Student.

**COUNT 2**
**FAILURE TO TRAIN**
**FOURTEENTH AMENDMENT, SECTION 1983**
**AND/OR**
**SECTION 504, ADA**

45. The Plaintiffs' incorporate all preceding paragraphs as if set out in full.

46. The Charter School, and/or agents of the Charter School, exhibited deliberate indifference or intent to discriminate by:

　　a. Refusing to develop an IEP for the Student; and

　　b. Misusing special education due process procedures to attempt to remove the Student from the Charter School.

47. The Charter School's acknowledgement that the Student was disabled since September 30, 2024, created notice that the Student's harm was foreseeable.

48. The Charter School's failure to train caused the Student to suffer harm as a

disabled person without due process.

49. The Charter School's failure to train consisted of a policy, practice or custom of acting with intent or deliberate indifference to discriminate.

50. The Charter School's failure to train its staff caused the Student physical trauma.

51. Administrative remedies alone, such as compensatory education, do not remedy the harm caused to the Student.

### COUNT 3
### FAILURE TO SUPERVISE
### FOURTEENTH AMENDMENT, SECTION 1983
### AND/OR
### SECTION 504, ADA

52. The Plaintiffs incorporate all preceding paragraphs as if set out in full.

53. The Charter School, and/or agents of the Charter School, exhibited deliberate indifference or intent to discriminate by:

   a. Refusing to develop an IEP for the Student;

   b. Misusing special education due process procedures to attempt to remove the Student from the Charter School.

54. The Charter School and/or agents of the Charter School, failed to supervise its staff and/or its agents adequately.

55. The Charter School's failure to supervise consisted of a policy, practice or custom of acting with intent or deliberate indifference to discriminate.

56. Ongoing notice provided to the Charter School made the Student's physical harm foreseeable.

57. The Charter School's failure to supervise its staff and/or agents caused the Student to suffer physical trauma.

58. Administrative remedies alone, such as compensatory education, do not remedy the harm caused to the Student.

## COUNT 4
## FAILURE TO PROVIDE EDUCATIONAL SERVICES
## WITH DELIBERATE INDIFFERENCE OR INTENT
## IDEA, SECTION 504, ADA

59. The Student incorporates the preceding paragraphs as if set out here in full.

60. The Student is a handicapped person who has impairments that substantially limit her life activities.

61. The Charter School is a recipient of federal funds.

62. The Charter School discriminated against the Student by showing deliberate indifference and/or intent to discriminate by:

   a. Refusing to develop an IEP for the Student and

   b. Misusing special education due process procedures to attempt to remove the Student from the Charter School.

63. The Charter School's pattern of conduct is evidence of intent or deliberate indifference to discriminate against the Student.

64. The Charter School's deliberate indifference and/or intent caused the Student to suffer damage, trauma and distress.

65. Administrative remedies alone, such as compensatory education, do not remedy the harm caused to the Student.

## COUNT 5
## DEMAND FOR ATTORNEY'S FEES
### (IDEA, 20 U.S.C. §1415(i)(3)(B); SECTION 504, 29 U.S.C. 794(a); ADA, 42 U.S.C. 12133)

66. The Plaintiffs incorporate the preceding paragraphs as if set out here in full.

67. Statutes raised through Counts 1-4 of this complaint all contain fee shifting provisions.

68. Given the likelihood of success of these claims, Plaintiffs seek full reimbursement for fees and costs associated with this present litigation under the IDEA, Section 504, Section 1988 and ADA.

69. The Plaintiffs reserve the right to amend and submit their invoices regarding attorney's fees and costs associated with this matter through a subsequent fee petition, if necessary.

## COUNT 6
## DEMAND FOR ATTORNEY'S FEES
### (IDEA)

70. The Plaintiffs incorporate the preceding paragraphs as if set out here in full.

71. Plaintiffs prevailed against the Charter School by successfully having the Charter School's special education due process complaint dismissed.

13

72. Based on this success Plaintiffs seek reimbursement for all of their attorney's fees associated with the Charter School's complaint and their motion to dismiss.

73. The Plaintiffs reserve the right to amend and submit their invoices regarding attorney's fees and costs associated with the aforementioned special education due process complaint and present litigation relating to this matter through a subsequent fee petition, if necessary.

**VI   PRAYER FOR RELIEF**

Wherefore, the Plaintiffs demand:

A.   Judgment for damages pertaining to the Student's physical harm;

B.   An Order for the Charter School to adequately train staff regarding disability discrimination;

C.   An Order for the Charter School to adequately supervise staff regarding disability discrimination;

D.   An Order for the Charter School to pay for all Plaintiffs' Attorney's fees and costs, including costs associated with the present litigation, pursuant to the IDEA, Section 504, ADA, Section 1983 and 1988 and other federal laws;

E.   An Order for the Charter School to pay for all the Plaintiff's Attorney's fees pursuant to the IDEA relating to the aforementioned

Plaintiff's motion to dismiss the Charter School's special education complaint; and

F.   Any other relief as the Court deems fitting and just.


                                        Respectfully submitted,



<u>February 24, 2025,</u>              <u>s/Drew Christian</u>
Date                                  Drew Christian, PA 85584
                                      P.O. Box 166
                                      Waverly, Pennsylvania
                                      (570) 343-1006
                                      drewchristian123@gmail.com

                                      Counsel for Plaintiff, R.M. and B.H.